STATE OF NORTH CAROLINA v. KENTON R. KELLUM

No. 821SC275

(Filed 21 December 1982)

1. **Health § 3— duty to maintain sanitary system of sewage disposal—misdemeanor when fail to do so**

   G.S. 130-160(a) required defendant to maintain a sanitary system of sewage disposal at his place of business, and G.S. 130-203 made it a misdemeanor for him to fail to do so.

2. **Statutes § 3— maintenance of sanitary sewage disposal system—statute not vague**

   G.S. 130-160 which requires maintenance of a sanitary sewage disposal system is not unconstitutionally vague.

3. **Health § 3— maintenance of sanitary sewage disposal system—motion to dismiss properly denied**

   The trial court properly denied defendant's motion to dismiss a prosecution for failure to provide a sanitary system of sewage disposal at his place of business where the evidence showed there were six septic tanks serving defendant's trailer park and four of them were malfunctioning on or about the date alleged in the warrant.

4. **Health § 3— failure to maintain sanitary sewage disposal system—elements of misdemeanor**

   Knowledge of a defect or a failure to correct it after being requested to do so are not elements of the misdemeanor of failing to provide a sanitary system of sewage disposal for a place of business.

State v. Kellum

**5. Criminal Law § 114.3— instructions regarding burden of proof of the State—no comment on the evidence**

> In a prosecution for failure to maintain a sanitary system of sewage disposal, the trial court did not comment on the evidence when it stated in its charge to the jury what the State had to prove.

**6. Health § 3— failure to maintain sanitary sewage disposal system—no require-ment of willfulness**

> There is no requirement of willfulness for anyone who violates the provisions of G.S. 130-160 by failing to provide a sanitary sewage disposal system. G.S. 130-203.

APPEAL by defendant from *Small, Judge.* Judgment entered 16 November 1981 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals 12 October 1982.

The defendant was charged in a warrant with failing on or about 8 July 1981 to provide a sanitary system of sewage disposal for a place of business controlled by him in violation of G.S. 130-160(a). He was found guilty in the District Court and appealed to the Superior Court for a trial de novo.

The State's evidence showed that the defendant owned and operated a trailer park on Highway 17 in Pasquotank County. In January 1981 he was notified by Luther Daughtry, a sanitarian with the Four County District Health Department, that the septic tank system at the trailer park was not functioning properly in violation of G.S. 130-160(a). The defendant was directed to correct this malfunction. Mr. Daughtry communicated on several occasions with the defendant in 1981 in an attempt to have the problems corrected. Defendant was unable to do so. Mr. Daughtry testified further that on 2 July 1981 he examined the septic tank system and it was not functioning properly.

The jury found the defendant guilty as charged and he appealed from the imposition of a suspended sentence.

*Attorney General Edmisten, by Assistant Attorney General Robert R. Reilly, for the State.*

*Trimpi, Thompson and Nash, by Thomas P. Nash, IV and John G. Trimpi, for defendant appellant.*

WEBB, Judge.

The statute the defendant has been convicted of violating is G.S. 130-160 (now repealed) which provides in part:

"(a) Any person owning or controlling any single or multiple family residence, place of business or place of public assembly shall provide a sanitary system of sewage disposal consisting of an approved privy, an approved septic tank system, or a connection to a public or community sewerage system . . . ."

Subsections (b), (c), and (d) of G.S. 130-160 provide for review and approval of sanitary sewage disposal systems by the Commission for Health Services and local boards of health. G.S. 130-203 provides that anyone who violates a provision of the Chapter or willfully fails to perform any act required by the Chapter shall be guilty of a misdemeanor.

[1]  The defendant first assigns error to the denial of his motion to quash the warrant. He argues that G.S. 130-160 is an enabling statute allowing the creation of local health boards to oversee the health needs of citizens. He contends the purpose of the statute is to require a sewage disposal system that may be regulated by the proper agencies under G.S. 130-160(b), (c), and (d) to provide a good sewage system, and it is not its purpose to make it a crime not to provide a sanitary sewage system. He argues that the word "sanitary" is surplusage to this section and that if G.S. 130-160(a) applies to sanitary systems only, an unsanitary system may not be regulated under G.S. 130-160(b), (c), and (d).

We give the defendant good marks for an ingenious interpretation of G.S. 130-160, but we cannot accept it in this case. We believe the plain words of the statute require us to hold that under G.S. 130-160(a), the defendant is required to maintain a sanitary system of sewage disposal, and that G.S. 130-203 makes it a misdemeanor for him not to do so. The defendant's first assignment of error is overruled.

[2]  In his second assignment of error the defendant contends that the statute is unconstitutionally vague:

"It has been recognized that a statute is so vague as to violate . . . due process . . . where its language is such that

men of common intelligence must necessarily guess at its meaning.

\* \* \*

. . . If a statute is so designed that persons of ordinary intelligence who would be law abiding can tell what conduct must be to conform to its requirements and it is susceptible of uniform interpretation and application by those charged with the responsibility of enforcing it, it is invulnerable to an attack for vagueness."

16A Am. Jur. 2d *Constitutional Law* § 818 (1979) at 988-989. We do not believe a person of ordinary intelligence would have any difficulty in understanding that G.S. 130-160 requires the maintenance by the defendant of a sanitary sewage disposal system. This means a system that is not dangerous to the health of the public by polluting the environment in the area which the system serves. The defendant's second assignment of error is overruled.

[3] In his third assignment of error the defendant argues that his motion to dismiss should have been allowed. He says this should have been done because the evidence showed there were several units serving the trailer park and some of them worked properly; that the State offered no evidence to show whether the systems had a 3,000 gallon or more designed capacity, so it is impossible to say which rules and regulations would be applicable and that all the evidence showed that at one time all the units worked properly. The evidence showed there were six septic tanks serving the trailer park and four of them were malfunctioning. The fact that two were working properly does not mean the defendant was operating a sanitary system. It does not matter whether a system has a 3,000 gallon or more designed capacity. Whatever the design capacity, the defendant was required to operate a sanitary system. The fact that all the systems worked properly at one time does not answer the question. The question is whether they all worked properly on 8 July 1981. The defendant's third assignment of error is overruled.

[4] In his fourth through seventh assignments of error the defendant brings forward exceptions to the charge. The court charged the jury that in order to convict the defendant, the State

had to prove (1) that the defendant controlled a place of business and (2) that he failed to provide a sanitary system of sewage disposal for that place of business. The defendant argues the court should have charged further that the State had to prove the defendant had knowledge of the defective system and that he had failed to comply with a request to correct the defective system. The statute does not make knowledge of a defect or a failure to correct it after being requested to do so elements of the misdemeanor. We do not believe we should add either of them as elements. The defendant's fourth assignment of error is overruled.

In his fifth assignment of error the defendant argues the court should have charged that in order to convict the defendant, the jury had to find all the septic tank systems were defective. For the reasons stated in this opinion, this assignment of error is overruled.

[5] In his sixth assignment of error the defendant argues the judge commented on the evidence by charging as follows:

"So I instruct you that if you find from the evidence beyond a reasonable doubt that on or about July 8, 1981, K. R. Kellum controlled a place of business conducted in the name of Kellum's trailer park, on highway 17, in Pasquotank County, and provided a septic tank system of sewage disposal which was not approved because he had connected more units or trailers to the system than had been approved for it, and then failed to maintain a septic tank system of sewage disposal so that it disposed of the sewage in a sanitary manner, it would be your duty to return a verdict of guilty as charged."

The defendant argues that the judge commented on the evidence when he set forth his conclusions as to what he thought the State needed to prove. The defendant does not say why this is commenting on the evidence. The judge, as is the case each time a judge charges a jury, stated to the jury what the State had to prove. This is not a comment on the evidence. The defendant's sixth assignment of error is overruled.

[6] In his seventh assignment of error the defendant contends it was error for the court not to instruct the jury that they could

not convict the defendant unless they found he had willfully violated the provisions of G.S. 130-160. G.S. 130-203 provides in part:

> "Except as otherwise provided in this Chapter, any person who violates any provision of this Chapter *or* who willfully fails to perform any act required, or who willfully does any act prohibited by this Chapter, shall be guilty of a misdemeanor . . . ." (Emphasis added.)

This sentence is in the disjunctive. There is no requirement of willfulness for anyone who violates a provision of the Chapter. This is what the defendant was convicted of doing. The defendant's seventh assignment of error is overruled.

The defendant's eighth and last assignment of error is to the court's signing and entering the judgment. This assignment of error is overruled.

No error.

Judges VAUGHN and WELLS concur.